UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTEZ K. ROCKMORE,<br><br>                       Plaintiff,<br><br>      vs.<br><br>VASQUEZ, et al.,<br><br>                       Defendants. | **1:21-cv-01339-GSA-PC**<br><br>**ORDER INFORMING PLAINTIFF THAT HIS FIRST AMENDED COMPLAINT WAS FILED ON JANUARY 17, 2023**<br><br>**(ECF No. 13.)**<br><br>**ORDER IN RESPONSE TO PLAINTIFF'S NOTICE**<br><br>**(ECF No. 15.)** |

**I.      BACKGROUND**

Shauntez K. Rockmore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 7, 2021, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On January 17, 2023, Plaintiff filed a request to amend the Complaint and also submitted a proposed First Amended Complaint.  (ECF No. 13, 14.)  On February 9, 2023, Plaintiff filed a notice informing the court that the verification signature on the First Amended Complaint was not dated.  (ECF No. 15.)

**II.     FIRST AMENDED COMPLAINT**

On January 17, 2023, Plaintiff submitted a request to amend the complaint and also submitted the proposed First Amended Complaint.  (ECF No. 13, 14.)  Plaintiff is advised that his First Amended Complaint was filed on January 17, 2023.  (ECF No. 13.)

1

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff had not amended the complaint before, and no responsive pleading had been served in this action, Plaintiff had leave to file an amended complaint as a matter of course, and therefore the First Amended Complaint was filed on January 17, 2023.

### III. PLAINTIFF'S NOTICE

On February 15, 2023, Plaintiff filed a notice informing the Court that he failed to date the verification signature of his First Amended Complaint on page seven. Plaintiff submitted a new dated-and-signed verification signature page, and he requests the Court to replace page seven of the First Amended Complaint with the new page. Plaintiff is informed that may not add information to the First Amended Complaint in this manner.

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Under Rule 220, Plaintiff may not amend the First Amended Complaint by adding information after the First Amended Complaint has been filed. To add information or make a correction to the First Amended Complaint, Plaintiff must file a Second Amended Complaint which is complete in itself. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of Court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is

insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

The Court finds no bad faith or futility in Plaintiff's proposed amendment. The proposed supplemental information is merely the date that the verification was signed.  Because the First Amended Complaint awaits the Court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to file a Second Amended Complaint at this stage of the proceedings.  Therefore, Plaintiff shall be granted leave to file a Second Amended Complaint making the changes he proposes, within thirty days.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to amend the complaint;
2. The Clerk is directed to send Plaintiff a civil rights complaint form;
3. Within thirty days of the date of service of this order, Plaintiff shall file a Second Amended Complaint, including the proposed signature page seven;
4. The Second Amended Complaint shall be clearly and boldly titled "Second Amended Complaint," shall refer to case number 1:21-cv-01339-GSA-PC, and shall be an original signed under penalty of perjury;
5. If Plaintiff fails to submit a Second Amended Complaint within thirty days pursuant to this order, this case shall proceed with the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **February 21, 2023**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE