1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAUNTEZ K. ROCKEMORE,                    No.  1:21-cv-01339 GSA (PC)

12                    Plaintiff,               ORDER GRANTING PLAINTIFF'S FIRST
                                               MOTION THAT A SUBPOENA DUCES
13            v.                               TECUM ISSUE

14   A. VASQUEZ, et al.,                       (ECF No. 27)

15                    Defendants.              ORDER DENYING AS DUPLICATIVE
                                               PLAINTIFF'S SECOND MOTION THAT A
16                                             SUBPOENA DUCES TECUM ISSUE

17                                             (ECF No. 28)

18                                             ORDER DIRECTING COUNSEL FOR
                                               DEFENDANTS TO PROVIDE CORRECT
19                                             NAMES FOR DEFENDANTS BY
                                               **DECEMBER 13, 2023**
20

21
            Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil
22
     rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
23
     Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This case is at the
24
     discovery phase of the proceedings.  See ECF No. 24 (Discovery and Scheduling Order).
25
            Plaintiff has filed two motions pursuant to Federal Rules of Civil Procedure 7 and 45
26
     which request that subpoenas duces tecum issue.  The first one was docketed on September 21,
27
     2023.  ECF No. 27,  and the second one was docketed on November 9, 2023.  ECF No. 28.
28

                                                 1

1    For the reasons stated below, Plaintiff's first motion will be granted, however the second

2    one will be denied as duplicative.  In addition, counsel for Defendants will be ordered to provide

3    the Court with the correct names of Defendants so that its docket and the record can be updated

4    and accurate.

5    I.    BACKGROUND

6         A.   Relevant Facts

7    Plaintiff's Second Amended Complaint ("SAC") alleges that on November 6, 2020,

8    Defendants A. Vasquez and O. Rubalcaba,[1] who are correctional officers at California State

9    Prison – Corcoran, violated his Eighth Amendment right to be free from excessive force when,

10   during an escort, they restrained his arms, forced him to his knees and maliciously and

11   sadistically attacked him by punching him in his face.  ECF No. 17 at 5.

12   Plaintiff fails to state as much in the body of the SAC, but the Court has gleaned from the

13   documents attached to the SAC that the alleged beating appears to have occurred after a nurse had

14   attempted to give Plaintiff a COVID-19 test.[2]  According to those records, when the nurse

15   attempted to insert a swab into Plaintiff's nose to do so, Plaintiff reacted involuntarily and

16   "moved her hand from [his] nose."  ECF No. 17 at 13 (brackets added).  Although also not clearly

17   stated by Plaintiff in the SAC, it appears that in so doing he hit the nurse.  Plaintiff was then

18   escorted to a different building by Defendants Vasquez and Rubalcaba for having assaulted staff.

19   See id. at 5.  During that escort and prior to beating him, Plaintiff states it was said to him, "O'

20   you like hitting women."  See id.

21   The beating left Plaintiff with a minor concussion, multiple contusions on his forehead,

22   bruised and swollen eyes, a bloody nose, a loosened tooth, and a punctured lip. ECF No. 17 at 5.

23   He seeks declaratory relief as well as compensatory and punitive damages, costs, and any other

24   relief the court deems just and proper.  Id. at 7.

25   [1]  Plaintiff refers to Defendants in the SAC as "A. Vasquez" and "O. Rubalcaba."  See ECF No.

26   17 at 5.  However, records attached to the SAC refer to the Defendant who Plaintiff alleges beat him as "J. Vasquez."  See id. at 10.  To clear up this inconsistency, counsel for Defendants will be

27   ordered to provide the correct names of both Defendants so that the record and the case caption of the Court's docket are accurate.

28   [2]  If this is not the case, Plaintiff must inform the Court immediately.

2

1

2          B.  Relevant Procedural History

3          The SAC was screened in April 2023 and ordered served.  See ECF No. 18 (screening and

4   service order).  In July 2023, Defendants filed an Answer to the SAC, and in August 2023, the

5   Court issued the Discovery and Scheduling Order ("DSO").  ECF Nos. 22, 24, respectively.  The

6   DSO indicates that the close of discovery is February 2, 2024.  ECF No. 24 at 4.

7          II.     MOTIONS FOR SUBPOENAS DUCES TECUM

8          A.  First Motion

9          In support of the first motion that a subpoena duces tecum issue, Plaintiff states that one is

10  needed because he will be using it to compel the California Department of Corrections and

11  Rehabilitation ("CDCR") – a nonparty – to produce items for inspection and copying.  ECF No.

12  27 at 3-4.  He writes:

13

14          [T]he production sought are the following documents within the CDCR Claimant
            Appeal Claims Decision Response [sic] that is attached within Exhibit A (1-5)[3]of
15          [his] Second Amended Complaint and attached hereto as Exhibit C:   1) the
            institutional inquiry (Log #62909), dated January 21, 2021; and 2) Incident Report,
16          Log #1463 [see below][4]  the use of force document (including the Institutional
            Executive Review Committe) [sic]. . . .
17           . . . Specifically, the production sought will be utilized by Plaintiff to marshel [sic]
            the evidence through discovery to avail the germane information that was employed
18          by California Department of Corrections and Rehabilitation Chief of Appeals
            Claims (H. Mosley) to grant Plaintiff's administrative grievance claim; idest. [sic]
19          Defendants were found guilty by a preponderance of the evidence by CDCR
            Institutional Headquarters to have used inappropriate force on Plaintiff.
20

21

22  ECF No. 27 at 4 (brackets added) (errors in original) (citations omitted).  Plaintiff contends that

23  the documents being requested fall within the scope of proper discovery; they are not privileged;

24  they are relevant to the claim, and that they are proportional to the needs of the case.  Id.

25  _____

26  [3]  A review of Exhibit A attached to Plaintiff's Second Amended Complaint indicates that the
    five-pages of substantive documents in it consist of a medical report; prison appeal decisions, and
27  a rules violation report.  See ECF No. 17 at 9-13 (attachments to SAC).
    [4]  Importantly, it should be noted that the above referenced Incident Report number is actually
28  "14643," not "1463."

                                        3

1

2      B.  Second Motion

3      The second motion requesting that a subpoena duces tecum issue is identical in

4  substantive content to the first one.  Compare ECF No. 27 at 3-6 (first subpoena duces tecum),

5  with ECF No. 28 at 7-9 (second subpoena duces tecum).  Plaintiff states the second motion is

6  being filed because the Court has not responded to his first motion.  ECF No. 28 at 3.

7      III.   APPLICABLE LAW

8      A.  Federal Rules of Civil Procedure 26 and 45

9      Rule 26 of the Federal Rules of Civil Procedure provides general parameters for the scope

10  of discovery.  It states:

11

12      Parties may obtain discovery regarding any non-privileged matter that is relevant
       to any party's claim or defense and proportional to the needs of the case,
13      considering the importance of the issues at stake in the action, the amount in
       controversy, the parties' relative access to relevant information, the parties'
14      resources, the importance of the discovery in resolving the issues, and whether the
       burden or expense of the proposed discovery outweighs its likely benefit.
15      Information within this scope of discovery need not be admissible in evidence to
       be discoverable.
16

17

18  Fed. R. Civ. P. 26(b)(1).

19      "A command in a subpoena to produce documents, electronically stored information, or

20  tangible things requires the responding person to permit inspection, copying, testing, or sampling

21  of the materials."  Fed. R. Civ. P. 45(a)(1)(D).  "If the subpoena commands the production of

22  documents, electronically stored information, or tangible things or the inspection of premises

23  before trial, then before it is served on the person to whom it is directed, a notice and a copy of

24  the subpoena must be served on each party."  Fed. R. Civ. P. 45(a)(4).

25      B.  Federal Rule of Civil Procedure 34

26      Rule 34 governs parties' production of documents and other items that fall within the

27  scope of Rule 26(b).  See Fed. R. Civ. P. 34(a).  It also provides for non-parties to be compelled

28  to respond to discovery requests.  See Fed. R. Civ. P. 34(c).

4

1

2                    C.  Subpoena Duces Tecum

3              A subpoena duces tecum is used to order non-parties to provide documents and/or other

4     tangible things to a litigant.  Served pursuant to Federal Rule of Civil Procedure 45(a)(2), it

5     directs a non-party to an action to produce documents or other tangible objects for inspection.  A

6     litigant who is proceeding in forma pauperis is entitled to obtain personal service of an authorized

7     subpoena duces tecum by the United States Marshal.  See 28 U.S.C. § 1915(d); see Williams v.

8     Adams, No. 1:05-cv-00124 AWI SMS (PC), 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010)

9     (stating same).

10            The person to whom the subpoena is directed must be clearly and readily identifiable, with

11    an accurate physical address to enable personal service of the subpoena.  See generally Fed. R.

12    Civ. P. 45(a)(1)(A)(iii).  The subpoena must be personally served, or it is null and void.  Fed. R.

13    Civ. P. 45(c); see, e.g., Gillam v. A. Shyman, Inc., 22 F.R.D. 475, 479 (D. Alaska 1958).

14            Courts in this district require that a motion requesting issuance of a subpoena duces tecum

15    be supported by: (1) clear identification of the documents sought and from whom, and (2) a

16    showing that the records are obtainable only through the identified third party.  See, e.g., Davis v.

17    Ramen, No. 1:06-cv-01216 AWI SKO (PC), 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010);

18    Williams v. Adams, No. 1:05-cv-00124 AWI SMS (PC), 2010 WL 148703, at *1 (E.D. Cal. Jan.

19    14, 2010).  In other words, if the documents a plaintiff seeks are obtainable through defendants

20    via a request for production of documents, a subpoena duces tecum cannot issue.  See Ransom v.

21    Johnson, No. 1:05-cv-00086 OWW GSA (PC), 2009 WL 1025587, at *1 (E.D. Cal. Apr. 14,

22    2009), supplemented, No. 1:05-cv-00086 OWW GSA (PC), 2010 WL 503128 (E.D. Cal. Feb. 8,

23    2010).

24            A subpoena duces tecum is subject to the relevance standards set forth in Federal Rule of

25    Civil Procedure 26(b)(1) (parties may obtain discovery regarding any *nonprivileged* matter that is

26    relevant to any party's claim or defense), and the considerations of burden and expense set forth

27    in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1).  Williams v. Freeze, No. 2:12-cv-2894

28    KJM KJN P, 2014 U.S. Dist. LEXIS 66504, at *6 (E.D. Cal. May 14, 2014); see Badman v.

1   Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he

2   had "made provision for the costs of such discovery" and citing Cantaline v Raymark Industries,

3   Inc., 103 F.R.D. 447, 452 (S.D. Fla. 1984)); see also United States v. Columbia Broadcasting

4   System, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982) (court may award costs of compliance with

5   subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in

6   considering these factors.  Badman, 139 F.R.D. at 605.  The Federal Rules of Civil Procedure

7   were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in

8   order to comply and must be supported by: (1) clear identification of the documents sought and

9   from whom, and (2) a showing that the records are obtainable *only through* the identified third

10  party.  Williams, 2014 U.S. Dist. LEXIS 66504, at *7.

11          IV.   DISCUSSION

12          Subject to these considerations, the court will direct the United States Marshal to

13  personally serve a completed subpoena upon proper application.  Specifically, Plaintiff must

14  submit the completed subpoena, in tandem with a separate request addressing all the above-noted

15  considerations.  In so doing, the following should be noted: (1) a pro se plaintiff who is not

16  admitted to the practice of law is NOT authorized to sign and issue a subpoena; (2) a plaintiff

17  proceeding pro se and in forma pauperis is entitled to service of subpoenas by the United States

18  Marshal, and (3) the Court's authorization is subject to the above mentioned limitations.  See

19  Davis v. Paramo, No. 3:16-cv-00689 BEN JMA, 2017 U.S. Dist. LEXIS 212155, at *7 (S.D. Cal.

20  Dec. 27, 2017).

21          Accordingly, IT IS HEREBY ORDERED that:

22          1.   The Clerk of Court shall send Plaintiff a copy of this order along with one blank

23  subpoena duces tecum, which includes instructions for its completion;

24          2.   Plaintiff's first motion that a subpoena duces tecum issue, docketed September 21,

25  2023 (ECF No. 27), is GRANTED;

26          3.   Plaintiff's second motion that a subpoena duces tecum issue, docketed November 9,

27  2023 (ECF No. 28), is DENIED as duplicative, and

28

1

2          4.   In order to ensure that the case record and the case caption of the Court's docket are

3   accurate, counsel for Defendants shall provide the correct names of both Defendants by

4   **December 13, 2023**.

5

6   IT IS SO ORDERED.

7      Dated:   __**December 5, 2023**__              _____**/s/ Gary S. Austin**__
                                                     UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28