1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   SHAUNTEZ K. ROCKEMORE,                No.  1:21-cv-01339 GSA (PC)

11                    Plaintiff,           ORDER GRANTING IN PART AND
                                           DENYING IN PART PLAINTIFF'S MOTION
12          v.                             FOR AN EXTENSION OF TIME TO FILE AN
                                           OPPOSITION TO DEFENDANTS' MOTION
13   A. VASQUEZ, et al.,                   FOR SUMMARY JUDGMENT

14                    Defendants.          (See ECF No. 50)

15                                         ORDER DENYING ALL OTHER
                                           OUTSTANDING MOTIONS FILED BY
16                                         PLAINTIFF

17                                         (See ECF Nos. 41, 42, 44, 50, 51, 53, 56, 58)

18                                         PLAINTIFF'S OPPOSITION TO
                                           DEFENDANTS' MOTION FOR SUMMARY
19                                         JUDGMENT DUE IN THIRTY DAYS

20

21          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

22   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

23   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is at the

24   dispositive motion phase of the proceedings.  See, e.g., ECF No. 45 (Defendants' motion for

25   summary judgment).

26          Before this Court are:  (1) Plaintiff's motion to late-file motion to compel (ECF No. 41);

27   (2) Plaintiff's emergency motion to compel (ECF No. 42); Plaintiff's motion for an in camera

28   review in opposition to privilege log (ECF No. 44); Plaintiff's motion for ninety-day extension of

                                                 1

1  time to file an opposition to Defendants' motion for summary judgment (ECF No. 50); Plaintiff's

2  motion for Defendants to submit to Plaintiff true and correct supplemental responses to

3  interrogatories and request for sanctions (ECF No. 51); Plaintiff's motion for the issuance of

4  subpoena (ECF No. 53); Plaintiff's motion for an extension of time to file opposition to motion

5  for summary judgment (ECF No. 56), and Plaintiff's request for subpoena (ECF No. 58).  For the

6  reasons stated below, Plaintiff's motions for an extension of time to file an opposition to

7  Defendants' motion for summary judgment (ECF Nos. 50, 56), will be granted in part and denied

8  in part.  In addition, all other outstanding motions filed by Plaintiff as set forth above will be

9  denied.

10        I.      RELEVANT BACKGROUND

11             A.  Plaintiff's Second Amended Complaint (ECF No.17)

12        Plaintiff's second amended complaint alleges an Eighth Amendment violation of right

13  against Defendant A. Vasquez (sergeant) and Defendant O. Rubalcava (correctional officer).

14  Plaintiff contends that on November 6, 2020, Plaintiff's right to be free from excessive force was

15  violated when, while escorting Plaintiff to a program office, Defendants forced Plaintiff to

16  Plaintiff's knees and maliciously and sadistically attacked Plaintiff by punching Plaintiff in the

17  face.  ECF No. 17 at 5.  As a result of the beating, Plaintiff contends that Plaintiff was left with a

18  mild concussion, multiple bruises on the forehead, bruised and swollen eyes, a swollen and a

19  minor bleeding nose, a loose tooth, and a punctured upper left lip.  Id.  Plaintiff seeks

20  compensatory and punitive damages.  ECF No. 17 at 7.

21             B.  Discovery Proceedings

22        On August 2, 2023, the Court issued a discovery and scheduling order.  ECF No. 24.

23  In it, discovery was to end and motions to compel discovery were to be filed by February 2, 2024.

24  Id. at 4.  Dispositive motions were to have been filed by April 2, 2024.  Id.  After extensions of

25  time had been given to Plaintiff (see ECF Nos. 37, 40), the end of discovery and motions to

26  compel deadline were reset to April 22, 2024 (ECF No. 40).

27

28

II.    OUTSTANDING MOTIONS

    A.    Plaintiff's Motion to Late-File Motion to Compel; Motion to Modify Discovery and Scheduling Order, and Emergency Motion to Compel (ECF Nos. 41 & 42)

        1.    Plaintiff's Motion to Late-File

On May 1, 2024, Plaintiff's motion to late-file a motion to compel and to extend the discovery deadline was docketed.  See ECF No. 41.  The motion was signed April 22, 2024.  See id. at 3.

In support of the motion, Plaintiff states that the prison law library had been closed for approximately two weeks which delayed Plaintiff in making copies of Plaintiff's joint statement related to discovery disagreement and Plaintiff's motion to compel.  ECF No. 41 at 1.  Consequently, Plaintiff argues that Plaintiff had no alternative other than to wait for the library to be open for service before mailing Plaintiff's enclosed documents.  Id.  Therefore, Plaintiff requests that the discovery deadline be extended so that a hearing may be had on Plaintiff's motions to compel.  Id. at 2.

        2.    Defendants' Opposition (ECF No. 43)

On May 22, 2024, Defendants filed a motion opposing Plaintiff's extension of time request.  ECF No. 43.  In it, Defendants argue that Plaintiff's motion is untimely, that they have complied with their obligation to produce relevant information, and that they should not be required to produce confidential and privileged information that is contained in a responsive document.[1]  Id. at 2-4.  Citing to Federal Rule of Civil Procedure 16(b)(4), they also argue that discovery should not be reopened unless it is for good cause.  Id. at 4.  Finally, referencing the Ninth Circuit's list of factors to consider prior to amending a Rule 16 scheduling order to re-open discovery,[2] Defendants argue that the totality of the circumstances lean against doing so.  Specifically, they oppose Plaintiff's request arguing that re-opening discovery will further delay

---

[1]  The document Plaintiff requested, and which Defendants produced in a redacted form in their supplementary response, was a copy of Document Log Number 62909, ISCR Allegation Review (CDCR3034), dated January 27, 2021.  See ECF No. 43 at 3 (Defendants' opposition to Plaintiff's motion to compel).

[2]  Defendants cite to City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) for the list of factors to consider.  See ECF No. 43 at 5.

1    resolution of this matter and prejudice Defendants, that Plaintiff was not diligent in seeking

2    discovery despite being given extensions of time to do so, that the need for additional discovery

3    was foreseeable, and Plaintiff has not shown that re-opening discovery would lead to the

4    procurement of relevant evidence.  Id. at 2-6.

5                          3.  Plaintiff's Reply (ECF No. 46)

6         In Plaintiff's reply, Plaintiff states that Plaintiff moved for an order to extend the

7    discovery deadline of April 22, 2024.  ECF No. 46 at 1.  Plaintiff also attempts to clarify that

8    Plaintiff does not seek additional discovery, that Plaintiff simply seeks additional time to resolve

9    discovery issues.  Id.  Plaintiff goes on to make a number of additional statements (see ECF No.

10   46 at 2-7), the vast majority of which are not considered given the Court's analysis below.

11                          4.  Analysis

12        This motion will be denied.  Although arguably Plaintiff's motion was timely filed under

13   the mailbox rule[3] as Plaintiff signed the motion (Doc No.  41) on April 22, 2024, Plaintiff's

14   assertion that Defendants' refusal to take part in creating a joint statement related to discovery

15   disagreements consistent with Local Rule 251 contributed to the delay in the timely filing of the

16   motion to compel (see ECF No. 41 at 2-3, 6-8), is unpersuasive.  The discovery and scheduling

17   order clearly states, "unless otherwise ordered, Local Rule 251 . . . that a party certify he/she has

18   conferred in good faith or attempted to confer with the opponent in an effort to resolve the dispute

19   prior to seeking court action . . . shall not apply."  ECF No. 24 at 2 (discovery and scheduling

20   order).  Furthermore, the time to resolve any additional discovery issues was during the extended

21   period of time Plaintiff had once Plaintiff began receiving responses from Defendants that

22   Plaintiff believed were insufficient.

23        Additionally, Plaintiff's motion to compel does not clearly identify: (1) which of

24   Plaintiff's discovery requests are at issue; (2) the responses Defendant gave to those requests, and

25   _____

26   [3]  When a prisoner gives prison authorities a pleading to mail to the court, the court deems it
     constructively "filed" on the date that it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1

27   (9th Cir. 2010).  A court also assumes that a prisoner turns his pleading over to prison authorities
     on the same day that he signs it.  See, e.g., Porter v. Ollison, 620 F.3d 952, 955 n.2 (9th

28   Cir.2010).

(3) why Defendants' responses were insufficient.  See generally ECF No. 41 at 12-17 (Plaintiff's motion to compel requests); see also ECF No. 42 (Plaintiff's emergency motion to compel).  As a result, the Court is unable to determine whether Defendant should be ordered to file supplemental responses to any of Plaintiff's discovery requests.  For these reasons, Plaintiff's motion to late-file the motion to compel and request to modify the discovery and scheduling order, will be denied. ECF No. 41.   In addition, Plaintiff's emergency motion to compel (ECF No.42), having been signed by Plaintiff on April 30, 2024, and filed with the Court on May 10, 2024, both dates being beyond the deadline of April 22, 2024 for the filing of motions to compel (ECF No. 40), and for similar reasons identified above regarding Plaintiff's motion to Late File, will likewise be denied.

B.  Plaintiff's Motion for an In Camera Review in Opposition to Defendants' Privilege Log (ECF No. 44)

1.  Plaintiff's Motion

This motion was docketed on May 24, 2024.  See ECF No. 44.  In it, Plaintiff requests the Court:  (1) to compel Defendants to lodge incident packages from January 27, 2021, and November 20, 2020; (2) to order that the lodged documents be sealed, and (3) to set an in camera hearing date with either the warden or an appropriate prison representative in order not to jeopardize the safety and security of prison staff and inmates.  Id. at 2-3.  Plaintiff contends that a review of the documents in question is relevant because they have information related to the prison's internal investigation into Defendants' inappropriate use of force.  Id. at 3-4.  Plaintiff also asserts that the documents will help Plaintiff establish Defendants' continuing course of conduct which reflects malicious and sadistic intent on their parts to use inappropriate force on Plaintiff, amongst other things.  Id. at 4-5.  According to Plaintiff, Defendants have not produced these documents because they are classified and have the potential to endanger the safety of individuals at the prison.  Id. at 9.

2.  Defendants' Opposition (ECF No.47)

In Defendants' opposition to this motion, they argue that Plaintiff's motion should be denied because it is untimely as the discovery deadline closed on April 22, [2024].  ECF No. 47 at 2.  They also contend that they have adequately responded to Plaintiff's requests for production

1    and interrogatories. Id. at 2-3.

2          Defendants state that although they initially objected to Plaintiff's original request based

3    on the official information privilege, ultimately, they did give Plaintiff a redacted copy of an

4    allegation review form which summarized the findings of Plaintiff's use of force allegations as

5    well as other documents related to investigations of Plaintiff's incident. Id. at 2. The additional

6    documents Plaintiff would like to receive, argue Defendants, do not contain any relevant

7    information beyond what has already been given to Plaintiff, namely that Defendants' use of

8    force did not violate the California Department of Corrections and Rehabilitation's policy. Id. at

9    3.

10         To the extent Plaintiff asserts that Defendants did not provide complete and non-evasive

11   answers to Plaintiff's interrogatories, Defendants argue that Plaintiff has not shown how their

12   responses were evasive, incomplete, or how they lacked merit. ECF No. 47 at 3. They contend

13   that the fact Plaintiff disagreed with their sworn, credible, complete responses is not grounds for

14   Plaintiff's objection to them. Id. For these reasons, Defendants argue, Plaintiff's motion should

15   be denied.

16              3.   Plaintiff's Reply (ECF No.52)

17         In Plaintiff's reply, docketed June 26, 2024, Plaintiff argues that the motion is timely

18   because it was filed when the need for it became apparent, i.e., after Plaintiff received

19   Defendants' late return of their discovery responses which were attached to Plaintiff's joint

20   statement. ECF No. 52 at 2. Plaintiff further contends that Defendants' responses were "willfully

21   amended in bad faith to injure [] [him]." Id. (brackets added). Plaintiff argues that the motion is

22   not untimely, that Defendants should be required to produce and lodge the documents, and the

23   Court should consider sanctioning Defendants in order to "curb their recalcitrance [sic] to Court

24   rules." Id. (brackets added).

25              4.   Analysis

26         Initially, to the extent Plaintiff in this filing is requesting a motion to compel, aside from

27   his request for the Court to conduct an in camera review which will be addressed below, it is

28   denied as untimely as the deadline for discovery and motions to compel closed prior to Plaintiff's

current motion. (see, ECF No. No 44, filed May 24,2024 and signed by Plaintiff on May 20, 2024; ECF No. 40, discovery & motions to compel deadline April 22. 2024).

As to Plaintiff's request for an in camera proceeding,  a review of Plaintiff's principle reasons for requesting an in camera review of selected  Institutional Executive Review reports and of redated portions of information, are that without these documents: 1-  Plaintiff will not be able to effectively substantiate that the use of force internal investigation at CDCR-Corcoran made an inappropriate decision that Defendants used unnecessary force in retaliation to a female staff assault, and 2- that Plaintiff will not be able to effectively substantiate that CDCR Office of Appeals internal investigation made the appropriate decision that Defendants used unnecessary force in retaliation to a female  staff assault. ECF No 44 at 4-5

Importantly: 1-because there is now pending a motion for summary judgment filed by Defendants in this action on June 3, 2024 (ECF No. 45), that the documents requested by Plaintiff to be reviewed in camera, considering Plaintiff's stated purpose for receiving these documents, do not appear to be either relevant, probative or admissible in the pending summary judgment motion as they are simply being sought by Plaintiff to either substantiate the correctness of, or incorrectness  of, the internal investigation report,  and 2- because the Court elects at this time to conserve judicial resources it will take to conduct an  in camera review, it will deny this motion without prejudice.  Should Plaintiff wish to renew the motion following the Court's ruling on Defendant's Summary Judgment motion, Plaintiff may do so.

C.  Plaintiff's Motion for a Ninety-Day Extension of Time to File Response to Defendants' Motion for Summary Judgment (ECF No.50)

1.  Plaintiff's Motion

On June 3, 2024, Defendants filed a motion for summary judgment ("MSJ").  ECF No. 45.  On June 20, 2024, Plaintiff's motion for a ninety-day extension of time to file a response to the MSJ was docketed.  ECF No. 50.

In support of Plaintiff's extension of time request, Plaintiff states that Defendants' MSJ is premature because Plaintiff needs additional time to obtain discovery from Defendants that will be used to oppose the MSJ.  ECF No. 50 at 1-2.  Plaintiff argues that additional discovery is

needed because in Defendants' MSJ they reference some of Plaintiff's medical records which, based on a statement in them, appear to have been modified.  Id. at 2.  At issue is whether Plaintiff refused a telemedicine appointment on November 10, 2020, a few days after the incident in question occurred.  See id.

### 2.   Defendants' Opposition (ECF No. 54)

Defendants' opposition to Plaintiff's extension of time request, filed July 2, 2024, argues that consistent with Federal Rule of Civil Procedure 56(d) or Local Rule 260(b) the motion should be denied.  ECF No. 54 at 2.  Specifically, Plaintiff has not shown what other specific evidence Plaintiff hopes to discover and why it is relevant to Plaintiff's claims.  See id. at 2 (referencing Rule 56(d) and citing showing Plaintiff needs to make).  Defendants further argue that under Local Rule 260(b), when the need for additional discovery is stated as the basis for a denial of a motion for summary judgment, the opposing party – here, Plaintiff – is required to specify the particular facts upon which discovery is to be had or the issues on which discovery is necessary, and that Plaintiff has not done this.  ECF No. 54 at 2-3.  Defendants further argue that Plaintiff has not shown that additional discovery is needed in part because Plaintiff's medical records are, presumably, already in Plaintiff's possession.  Id. at 3.

Finally, Defendants note, in part, that after the instant motion for summary judgment was filed on June 3, 2024, instead of filing an opposition to it, Plaintiff has since filed three lengthy motions.  See ECF No. 54 at 4 (citing to ECF Nos. 48, 50, 51).  The fact that these motions and four other discovery-related motions are pending, Defendants argue that they do not establish good cause for the Court to extend Plaintiff's deadline to file an opposition to their summary judgment motion.  Moreover, they contend such a lengthy extension would further delay the resolution of this case and prejudice them.  See id.  All the same, Defendants state, they do not oppose Plaintiff being granted a brief extension of time to file an opposition to their summary judgment motion.  ECF No. 54 at 5.

### 3.   Plaintiff's Reply (ECF No. 57)

In response, Plaintiff states that Defendants have not sufficiently responded to Plaintiff's interrogatories.  ECF No. 57 at 1-2, 6-7.  Plaintiff also argues that Defendants' opposition to

Plaintiff's extension of time request should not be considered because it is untimely.  See id. at 2.

Plaintiff further contends, again, that the extension of time is needed so that Plaintiff can gather

certain medical records and that those records will be used to respond to Defendants' motion for

summary judgment.  Id. at 4.

4.  Analysis

Plaintiff's motion for a ninety-day extension of time will be granted in part to the extent

that it requests an extension of time to file a response to Defendants' motion for summary

judgment.  It will, however, be denied in part to the extent that: (1) it requests additional time to

collect discovery from Defendants, and (2) it requests a ninety-day extension.  As previously

stated, Plaintiff has not provided sufficient arguments or facts to support requests to continue

discovery, thus this request will be denied.  Finally, Plaintiff will be given a thirty-day extension

of time, but only to file a response to Defendants' motion for summary judgment.

D.  Plaintiff's Motion for True and Correct Supplemental Responses to

Interrogatories and Request for Sanctions (ECF No.51)

1.  Plaintiff's Motion

In support of Plaintiff's motion which requests that Defendants provide Plaintiff with true

and correct copies of their supplemental responses to Plaintiff's interrogatories, Plaintiff contends

that Defendants returned improperly amended responses to the interrogatories and that they knew

this.  ECF No. 51 at 2.  This fact, Plaintiff argues, warrants the Court ordering Defendants to

supplement their discovery responses.  Id. at 2-3. Plaintiff also argues that this further warrants

the Court sanctioning Defendants in the form of an entry of default judgment.  Id. at 3-4.

2.  Defendants' Opposition (ECF No.54)

In response to Plaintiff's motion for an extension of time (ECF No. 50) and Plaintiff's

motion to compel (ECF No. 51), Defendants argue that Plaintiff has provided no evidence other

than Plaintiff's own belief that they made any amendments to their discovery responses in bad

faith.  ECF No. 54 at 6.  Defendants further point out that Plaintiff does not explain how their

service of supplemental responses on Plaintiff after the discovery cut-off date demonstrates

improper conduct.  On the contrary, Defendants contend that the service was a good-faith effort to

comply with their ongoing duty to supplement discovery.  Id.  Lastly Defendants argue that Plaintiff's claims of retaliation are wholly conclusory and unsubstantiated by any evidence.  ECF No. 54 at 7.  In conclusion they assert this motion should be denied.  Id.

3.  Analysis

This motion is repetitive in parts of Plaintiff's previous discovery-related motions.  In addition, as Defendants state, it is also unsupported by any facts.  For these reasons, it will be denied.

E.  Plaintiff's Motions for Subpoenas (ECF Nos. 53, 58)

Plaintiff has also filed two motions for the issuance of subpoenas.  See ECF Nos. 53, 58. Defendants have not yet filed objections to either request.

1.  Plaintiff's Request Docketed June 28, 2024 (ECF No. 53)

In the first motion, docketed June 28, 2024, in it Plaintiff seeks to obtain all of Plaintiff's medical records during the period of August 1, 2020 through November 10, 2020.  Plaintiff asserts that Plaintiff has been unable to access Plaintiff's own medical records and that Plaintiff needs to be able to access them in order to refute the contents of the medical records – here, a doctor's notes in Plaintiff's records – that Defendants have attached to their summary judgment motion.  ECF No. 53 at 4-5.  Plaintiff contends that copies of those records will show that Plaintiff attended a telemedicine examination before November 9th, 2020, and that Plaintiff was denied treatment because it was dangerous.  Id. at 5.  This, Plaintiff argues, would contradict the inferences Defendants have made in the motion for summary judgment about that day.  See id. Plaintiff also provides what appears to be proof that Plaintiff has made an effort to obtain medical records.  See ECF No. 53 at 8-14 (medical records request / release).

As will be discussed below, it appears that Plaintiff has since been able to obtain copies of the medical and other prison records that Plaintiff has requested.  See generally ECF No. 58 (second subpoena request stating same).  For this reason, Plaintiff's first motion for subpoenas will be denied.

2.  Plaintiff's Request Docketed July 29, 2024; Subsequent Notice to Court Regarding Same (ECF No. 58)

1       The copy of Plaintiff's second subpoena request, docketed July 29, 2024, is of poor

2   quality.  See generally ECF No. 58.  As a result, it is very difficult to read and understand in its

3   entirety.

4       In Plaintiff's second request, it appears that Plaintiff references Plaintiff's first request for

5   a subpoena of Plaintiff's medical records.  ECF No. 58 at 1-3.  Plaintiff states that Plaintiff has

6   been able to obtain the document related to the medical appointment in question, as well as other

7   prison records.  Id. at 3-5, 6.  The records, Plaintiff asserts, will enable Plaintiff to show that there

8   is a genuine dispute regarding Defendants' assertion that he was examined by Dr. Bryan Phi on

9   November 9, 2020, among other things.  See ECF No. 58 at 3.

10      Plaintiff contends that Plaintiff needs Plaintiff's CDCR official records authenticated, as

11  well as the medical records that Plaintiff will use to oppose Defendants' summary judgment

12  motion.  ECF No. 58 at 2.  Plaintiff states that the custodian of records where Plaintiff is

13  incarcerated has refused to authenticate them.  Id. at 2, 6-7.  As a result, Plaintiff requests the

14  Court to order the custodian of records and medical records at the California Substance Abuse

15  and Treatment Facility to testify to the authenticity of Plaintiff exhibits that will be attached to

16  Plaintiff's opposition to Defendant's motion for summary judgment.   Id. at 2, 6-7.  Plaintiff has

17  also filed a related notice which informs the Court that Plaintiff's request to have Plaintiff's

18  records authenticated has still not been addressed by the prison's custodian of medical records.

19  See ECF No. 59 (notice to Court, docketed August 16, 2024).

20      Rule 56(c)(4) of the Federal Rules of Civil Procedure states that affidavits and

21  declarations submitted for or against a summary-judgment motion [*9]  "must be made on

22  personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

23  or declarant is competent to testify on the matters stated." In other words, only admissible

24  evidence may be considered by the court. Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179,

25  1181 (9th Cir. 1988) (citations omitted). "In general, inadmissible hearsay evidence may not be

26  considered on a motion for summary judgment." Anheuser-Busch, Inc. v. Nat. Beverage Distribs.,

27  69 F.3d 337, 345 n.4 (9th Cir. 1995) (citation omitted). Statements in affidavits that are legal

28  conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards

1 of personal knowledge, admissibility, and competence required by Rule 56(c)(4). *Soremekun v.*

2 *Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted).

3      However, and importantly, "[a]t the summary judgment stage, [the court does] not focus

4 on the admissibility of the evidence's form. [It] instead focus[es] on the admissibility of its

5 contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citations omitted). In other

6 words, the court can consider the evidence of a documents contents if its contents could be

7 presented in an admissible form at trial. *Fraser*, 342 F.3d at 1037.  Thus, lack of proper

8 *authentication* is an appropriate objection where a document's authenticity is genuinely in

9 dispute. "An inquiry into authenticity concerns the genuineness of an item of evidence, not its

10 admissibility," *Orr*, 285 F.3d at 776, and documents may be authenticated by review of their

11 contents if they appear to be sufficiently genuine, *Las Vegas Sands, LLC*, 632 F.3d at 533 (citing

12 *Orr*, 285 F.3d at 778 n.24) (quotation marks omitted).

13      Here, Plaintiff should first seek a stipulation from Defendants as to the authentication of

14 Plaintiff's prison records and Plaintiff's prison medical records prior to requesting the Court to

15 intervene by issuing third party subpoenas.  Typically, parties will stipulate to the authenticity of

16 medical records.  <u>See, e.g.</u>, <u>Kitchens v. Tordsen</u>, No. 1:12-cv-00105 AWI MSJ (PC), 2015 WL

17 4577050, at *1 (E.D. Cal. July 28, 2015) (noting parties often stipulate to authenticity of medical

18 records).

19      Therefore, Plaintiff's request is denied at this point without prejudice.   Should Defendants

20 not agree to the authenticity of Plaintiff's prison medical records, Plaintiff may renew this

21 request.

22         F.  <u>Plaintiff's Second Motion for an Extension of Time to File an Opposition to</u>

23            <u>Defendants' Summary Judgment Motion; Third Motion to Compel; Motion for</u>

24            <u>Sanctions</u> (ECF No. 56)

25      On July 17, 2024, another multiple motion document of Plaintiff's was docketed.  ECF

26 No. 56.  In the filing, Plaintiff requests an extension of time to file a reply to Defendants' July 2,

27 2024, opposition to Plaintiff's request for an extension of time to file a response to their summary

28 judgment motion and to file a third motion to compel.  <u>Id.</u> at 2-3.

This motion will be denied for a couple of reasons.  First, after filing this motion, Plaintiff was able to file a reply to Defendants' opposition (see ECF No. 57), and the Court has considered it herein.  As a result, there is no need to grant Plaintiff additional time to file a reply.  Second, the Court has already determined in this order that Plaintiff's request for additional time to file a motion to compel will not be granted, thus his request for sanctions will likewise not be granted. Therefore, this motion will be denied in its entirety.

Accordingly, IT IS HEREBY ORDERED that:

1.  For the reasons clearly stated herein, the following outstanding motions filed by Plaintiff are DENIED in their ENTIRETY:  ECF Nos. 41, 42, 44 (denied without prejudice), 51, 53, 56 and 58 (denied without prejudice).

2.  Plaintiff's motion for a ninety-day extension of time to file a response to Defendants' motion for summary judgment (ECF No. 50) is GRANTED IN PART and DENIED IN PART as follows:

    a.  GRANTED IN PART to the extent that it requests an extension of time to file an opposition to Defendants' motion for summary judgment, and

    b.  DENIED IN PART to the extent that it requests a ninety-day extension and to the extent that it asks for additional time to conduct discovery, and

3.  Within **thirty days** from the date of this order, Plaintiff shall file an opposition to Defendants' motion for summary judgment.

**Plaintiff is cautioned that absent exigent circumstances, the failure to timely file his opposition may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **March 4, 2025**　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

13