UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTEZ K. ROCKEMORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. VASQUEZ, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01339 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY<br><br>(ECF No. 79)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING COURT CONSIDER INSTANT FILED STATEMENT OF DISPUTED FACTS AS UNOPPOSED BY DEFENDANTS<br><br>(ECF No. 81) |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The matter is at the dispositive motion phase of the proceedings. See ECF No. 45 (Defendants' motion for summary judgment)

　　　　Before this Court are Plaintiff's motion for leave to file a surreply and a lodged surreply. ECF Nos. 79, 80. In addition, Plaintiff has filed a motion which requests the Court to consider a statement of disputed facts he has provided as unopposed by Defendants. See ECF No. 81. For

1

the reasons stated below, both motions will be denied, and the Clerk of Court will be directed not to docket Plaintiff's lodged proposed surreply.

### I. MOTION TO FILE SURREPLY

A district court may only allow a surreply to be filed "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, No. CV-F-05-869 REC/TAG (E.D. Cal. Nov. 9, 2005), 2005 WL 3031136 at *1. Plaintiff's assertion that Defendants' mention of Plaintiff's front teeth for the first time in their reply (see ECF No. 79) does not warrant Plaintiff needing to file surreply. This is because the overarching question in this case is whether Defendants used excessive force on him. Plaintiff fails to persuade the Court why the condition of Plaintiff's tooth at the time that Defendants are alleged to have used excessive force on him warrants a full briefing on the subject. Therefore, the motion will be denied and the Court will not consider Plaintiff's lodged surreply.

### II. MOTION FOR COURT TO CONSIDER PLAINTIFF'S STATEMENT OF DISPUTED FACTS UNOPPOSED

This motion of Plaintiff's is confusing. Its title appears to request that the Court consider the statements Plaintiff has made in his opposition as unopposed by Defendants. See generally ECF No. 81. However, Plaintiff fails to identify with any specificity which disputed facts he believes should be unopposed. For this reason, the Court finds that the motion fails to comply with Federal Rule of Civil Procedure 7b(1)(B) (state with particularity grounds for seeking order). As a result, it too, will be denied.

### III. ADDITIONAL FILINGS RELATED TO SUMMARY JUDGMENT MOTION WILL LIKELY BE DISREGARDED AND/OR CONSIDERED AN ABUSE OF PROCESS

Plaintiff is reminded that Defendants' motion for summary judgment was fully briefed as of April 11, 2025 when Defendants filed their reply to Plaintiff's opposition to it. See ECF No. 75. Therefore, no additional notices, motions, or requests should be being filed in this case. Since that date Plaintiff has filed six additional documents that are of little import to the Court's review of the summary judgment motion. See, e.g., ECF Nos. 76-81. As a result, the Court

having to address Plaintiff's additional filings only serves to further tax its already severely limited resources.  For this reason, Plaintiff is herein warned that any additional documents filed that are related to Defendants' motion for summary judgment will likely be summarily disregarded as untimely and/or improperly filed.

      Accordingly, IT IS HEREBY ORDERED that:

      1.  Plaintiff's motion for leave to file a surreply (ECF No. 79) is DENIED;

      2.  The Clerk of Court shall NOT DOCKET Plaintiff's lodged surreply, and

      3.  Plaintiff's motion which requests that the Court consider that a statement of disputed facts is unopposed (ECF No. 81) is DENIED.

**Plaintiff is formally cautioned that any additional filings made that are related to the pending motion for summary judgment will likely be summarily disregarded as untimely and/or improperly filed.**

IT IS SO ORDERED.

    Dated:  **May 2, 2025**                              **/s/ Gary S. Austin**
                                                                                     UNITED STATES MAGISTRATE JUDGE