1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAUNTEZ K. ROCKEMORE, A.K.A.          No.  1:21-cv-01339 GSA (PC)
     SHAUNTEZ KUIOUN ROCKEMORE,
12                                          ORDER ADDRESSING PLAINIFF'S
                    Plaintiff,              REQUEST TO HOLD IN  ABEYANCE THE
13                                          PARTIES STIPULATION TO DISMISS THIS
             v.                             CASE PURSUANT TO RULE 41(A)
14                                          FINDING IT MOOT
     A. VASQUEZ, et al.,
15                                          (ECF No. 93)
                    Defendants.
16

17
         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil
18
   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
19
   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On July 9, 2025,
20
   consistent with the earlier-filed joint stipulation filed by the parties which indicated that they had
21
   resolved this case and that as a result, they wanted to voluntarily dismiss it (see ECF No. 91), this
22
   case as closed (see ECF No. 92).
23
         Before this Court is Plaintiff's "request for an abeyance to the current motion under Rule
24
   41(a)(1)(A)(ii)" .  ECF No. 93.  Defendants have filed a response to it.  ECF No. 94
25

26
         I.      RELEVANT FACTS
27
         On June 20, 2025, the parties participated in a settlement conference agreed to settle the
28

                                            1

case. ECF No. 90. As a result, dispositive documents were to be filed within thirty days. Id.

On July 7, 2025, the parties filed a joint stipulation to voluntarily dismiss this case. ECF No. 91. Two days later, the Court acknowledged the filing in turn ordered the Clerk of Court to close this case. ECF No. 92.

## II.    PLAINTIFF'S REQUEST FOR ABEYANCE

### A.  Plaintiff's Motion

On July 15, 2025, less than a week after the joint stipulation had been docketed, Plaintiff filed the instant "request for an abeyance." ECF No. 93. In it, Plaintiff requested that this case be held in abeyance until he receives the settlement documents from Defendants' counsel. Id. at 1. In support of the request, Plaintiff states that he does not have a copy of his completion of the settlement documents because he has been unable to obtain legal copies of it from the law library, and that the copy of the Rule 41 dismissal that he received did not have a copy of the settlement agreement attached to it. Id. at 1-2. For these reasons, Plaintiff argues, "until [he] receive[s] the said endorsed documents, the [settlement conference agreement] should be considered null and void." Id. at 2 (brackets added).

### B.  Defendants' Response

On July 21, 2025, Defendants filed a response to Plaintiff's motion. ECF No. 94. In it, Defendants state that in response to Plaintiff's motion, they overnighted a copy of the fully executed agreement; copies of the voluntary dismissal agreement, and the payee data form that Plaintiff submitted. Id. at 1. In addition, Defendants state on July 16, 2025, their counsel spoke with Plaintiff and informed him that he would be receiving the documents in the coming days. Plaintiff was also told that if he had any other questions or concerns, he could contact Defendants' counsel. Id.

### C.  Plaintiff's Reply

On August 1, 2025, Plaintiff's reply to Defendants' response was docketed. ECF No. 95. In it, Plaintiff states he would like to "relinquish the voluntary dismissal hold in this action in abeyance." ECF No. 95. In it, Plaintiff states that he has received the needed settlement documents. Id. As a result, he asserts, all his concerns in the pending motion have been

1  addressed.  Id.

2  III.  DISCUSSION

3  Given that Plaintiff has requested that his motion to hold in abeyance the Rule 41

4  dismissal be "relinquished" as he has received the documents he sought, his motion will therefore

5  be denied as moot.

6  Accordingly, IT IS HEREBY ORDERED that Plaintiff's "motion for an abeyance"

7  (ECF No. 93) is DENIED as MOOT.

8

9  IT IS SO ORDERED.

10  Dated:    **August 4, 2025**                          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28